O’Connor, C.J.,
dissenting in part.
{¶ 24} I concur with the majority’s decision adopting the recommendation of the Board of Commissioners on Grievances and Discipline that we find a violation of Jud.Cond.R. 1.2 and 2.11 and Prof.Cond.R. 8.4(d).[1] I also concur that public reprimand is a sufficient sanction. I dissent, however, from the majority’s decision to adopt the board’s recommendation to dismiss the allegation that Judge Oldfield violated Jud.Cond.R. 1.3. Because the majority’s decision is based on a skewed view of the evidence in the record, I would sustain the relator’s objection to the board’s recommendation and find a violation of Jud.Cond.R. 1.3.
{¶ 25} In upholding the board’s conclusion to dismiss the violation of Jud. Cond.R. 1.3, the majority ignores Judge Oldfield’s own testimony and places undue weight on a testifying officer’s subjective belief about the judge’s statements. I find no support for the majority’s acceptance of the board’s determination that the evidence in the record was contradictory or insufficient as a whole to sustain a violation of the rule.
{¶ 26} There is no dispute, and the parties stipulated, that Judge Oldfield identified herself as a judge at least twice during the incident. First, “during discussions with police officers, respondent indicated that she was a judge.” Second, “[o]n route to the Copley police station, respondent communicated that she was not asking for special treatment because she was a judge.”
{¶ 27} Importantly, Judge Oldfield’s first mention of her status as a judge to the officers was gratuitous and,.contrary to the majority’s characterization, more than a mere “remark[ ].” Majority opinion at ¶ 8. During the arrest, Officer Garner asked a “yes or no” question — whether Judge Oldfield was a lawyer. Judge Oldfield testified that she responded, “Yeah, actually, I’ve been an attorney for some time and now I’m a judge.” Judge Oldfield acknowledged that she could have responded truthfully in a number of alternative ways, including by offering simply that she was licensed to practice law. The specific mention of her *130 judgeship in response was not solicited or required, nor should it have been offered. Indeed, it served only one purpose: to make sure that the officer knew that she was a judge.
{¶ 28} Judge Oldfield’s gratuitous disclosure is sufficient alone in the context here to establish that a reasonable person would believe that Judge Oldfield abused the prestige of her office to advance her own and Loya’s interests in violation of Jud.Cond.R. 1.3. But Judge Oldfield’s references to her judgeship did not stop there, and additional facts glossed over by the majority further support the conclusion that the rule was violated.
{¶ 29} Once Judge Oldfield mentioned her judgeship, she continued to insert herself into Loya’s arrest and booking. Even though the officers offered to take Judge Oldfield home after the arrest, she requested to go to the police station and wait for Loya. Both Officer Price and Judge Oldfield testified that on the way back to the station, Judge Oldfield asked what could be done to help Loya. Both Officer Price and Judge Oldfield testified that once at the station, the judge again asked whether she could do anything to help Loya, and the judge testified that she requested and received permission to make a phone call to Loya. Thus, the officers were presented with someone who repeatedly identified herself as a judge and repeatedly asked them what could be done to help the judge’s friend who had been charged with a criminal violation.
{¶ 30} The majority found persuasive the board’s concern about the lack of corroboration for the officers’ testimony. But it is unclear what corroboration could exist. For example, Officer Price testified about statements made by Judge Oldfield to him with no one else present. No corroborating evidence, other than from Judge Oldfield, could exist. And some of Judge Oldfield’s own testimony did corroborate significant details in Officer Price’s testimony.
{¶ 31} Even without corroboration, credibility can be assessed by the measure of one’s motivation for honesty. Here, there is no showing that the officers would be motivated to lie. If anything, it would seem that officers who serve municipalities near the court on which Judge Oldfield sits would be more likely to be particularly truthful about the events that occurred. Therefore, I find the officers’ testimony regarding Judge Oldfield’s repeated statements credible.
{¶ 32} The weight of this evidence should be sufficient under an objective standard to find a violation of Jud.Cond.R. 1.3. Seemingly to the exclusion of this testimony, however, the board afforded significant weight to Officer Price’s subjective belief that he never thought that Judge Oldfield was using her position to advance her interests. I find that the evidence does not support the majority’s conclusion that the board reviewed the record using an objective standard.
{¶ 33} Instead, I find that the evidence as a whole establishes that a reasonable person would believe that Judge Oldfield abused the prestige of her office to *131 advance her and Loya’s interests. Therefore, I would sustain relator’s objection to the board’s dismissal of the Jud.Cond.R. 1.3 allegation and would find that Judge Oldfield violated the rule.
Scott J. Drexel, Disciplinary Counsel, and Joseph M. Caligiuri, Chief Assistant Disciplinary Counsel, for relator.
Montgomery, Rennie & Jonson, George D. Jonson, and Lisa M. Zaring, for respondent.
{¶ 34} Because I do not believe that finding a violation of Jud.Cond.R. 1.3 requires a harsher sanction, I agree with the majority’s decision to impose a sanction of public reprimand. But because the majority’s decision to adopt the dismissal of the Jud.Cond.R. 1.3 allegation is not supported by the record, I must dissent.
Lanzinger, J., concurs in the foregoing opinion.

. The majority cites the troubling fact that, after the incident, Judge Oldfield continued to preside over 53 cases in which Loya represented clients in her courtroom. According to the majority, this occurred after Judge Oldfield obtained “permission of the municipal prosecutor and public defender.” Majority opinion at ¶ 10. Nothing in the Code of Judicial Conduct, expressly or implicitly, permits such an approach. Although the majority upheld the imposition of a Jud.Cond.R. 2.11 violation and concluded that Judge Oldfield should have recused herself from these cases, I address this here to discourage the future use of the majority’s language as tacit approval of Judge Oldfield’s approach.